UNITED STATES DISTRICT COURT **CV 12 - 3650**
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALFREDO URENA,

               Plaintiff,          **COMPLAINT**

      -against-

                         **ECF CASE**

SHABANSON LLC and NEDJAT ESHAGHOFF,

               Defendants.
-----------------------------------------------------------------X

*WEINSTEIN, J.*

*GOLD, M.J.*

**SUMMONS ISSUED**

      Plaintiff Alfredo Urena ("plaintiff" or "Urena"), by his attorneys Berke-Weiss &

Pechman LLP, complaining of defendants Shabanson LLC and Nedjat Eshaghoff

("defendants" or "Shabanson") alleges:

## NATURE OF THE ACTION

      1.     This action is brought to recover unpaid minimum and overtime wages

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New

York Labor Law § 190, *et seq.* ("NYLL").

      2.     Plaintiff seeks unpaid wages, liquidated damages, pre-judgment and post-

judgment interest, injunctive and declaratory relief against defendants' unlawful

actions, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

      3.     This Court has subject matter jurisdiction of this case pursuant to

29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over

plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. §1391, as Alfredo Urena was employed at a building owned by defendants and located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5.      Alfredo Urena resides in Queens, New York.  Urena has been employed as a maintenance worker at a residential apartment building owned and operated by Shabanson located at 35-51 95th Street, Jackson Heights, Queens, 11372, since on or about June 22, 2010 through the present.

**Defendant**

6.      Defendant Shabanson LLC is a New York limited liability company, with its principal offices located at 17 Barstow Road Suite 304, Great Neck, New York, 11021.

7.      At all times relevant to this action, defendant Shabanson LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant Shabanson LLC has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales projected to be in excess of $500,000.

8.      Defendant Nedjat Eshaghoff is a natural person engaged in business in the City of New York and County of Queens, who is an owner of Shabanson LLC, and is sued individually in his capacity as an owner, officer and/or agent of Shabanson LLC. Eshaghoff exercises sufficient control over Shabanson LLC's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein

2

established and implemented the pay practices at Shabanson LLC, had the power to hire and fire plaintiff, and controlled the terms and conditions of plaintiff's employment.

9.      Upon information and belief, Eshaghoff resides at 42 Deer Park Road, Great Neck, New York, 11024.

### FACTS

10.      The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty (40) and an overtime rate of one and one half (1½) the employee's regular rate of pay for all hours above forty (40) in any work week. The minimum wage during Urena's employment with defendants has been $7.25 per hour.

11.      Beginning in June 2010, Urena worked as a maintenance worker for defendants' 57-unit residential building located at 35-51 95th Street, Jackson Heights, Queens, 11372.

12.      Urena's duties included but were not limited to, taking care of complaints by tenants regarding plumbing, plaster, or electricity, taking care of garbage and recycling, mopping, and letting service contractors into the building and escorting them to the apartments. Defendants also had Urena repair the building's roof on several occasions.

13.      Urena's hours were typically Monday through Friday from six or six-thirty a.m. until between five p.m. or seven p.m., Saturday from six-thirty a.m. to noon, and three hours on Sunday to sweep the building and take care of recycling. However, for the first three months of his employment Urena was told he had to sleep in the basement of the building because he was "on call," even though there was no

3

apartment for Urena to use during this period. Likewise, if there was an emergency Urena had to be in the building and "on call." For example, in or about July 2010 the building experienced an electrical problem and Urena was on call for approximately forty hours straight, during which period he was not permitted to leave the premises.

14.     Urena, who regularly worked sixty-five (65) hours per week, was paid a salary of eight hundred dollars ($800) per month from in or about June 2010 through June 2011, and nine hundred dollars ($900) per month from June 2011 to present. Urena is paid $400 on the seventh and twenty-second of every month and, after June 2010, is paid an extra $100 on the fifteenth of every month. Urena's effective hourly rate has been less than $4.50 per hour for the duration of his employment with defendants.

## SHABANSON'S VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

15.     Urena was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

16.     When defendants paid Urena, they failed to provide Urena with a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates

4

of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

17.     Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

19.     Defendants are required to pay to plaintiff the applicable federal minimum wage rate.

20.     Defendants failed to pay plaintiff the minimum wages to which he is entitled under the FLSA.

21.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the plaintiff.

22.     As a result of defendants' willful violations of the FLSA, plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

23.     Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

25.     Defendants failed to pay plaintiff the minimum wages to which he is entitled under the NYLL.

26.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff minimum hourly wages.

27.     As a result of defendants' violations of the NYLL, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29.     Defendants are required to pay plaintiff one and one-half (1½) times the regular rate at which plaintiff is employed for all hours worked in excess of forty (40) hours in a workweek, pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

30.     Defendants have failed to pay plaintiff the overtime wages to which he is entitled under the FLSA.

31.     Defendants have wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

32.     As a result of defendants' willful violations of the FLSA, plaintiff suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages,

6

pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

35.     Defendants have failed to pay plaintiff the overtime wages to which he is entitled under the NYLL.

36.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

37.     As a result of defendants' violations of the NYLL, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39.     The defendants failed to furnish to the plaintiff by February 1, 2012, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer;

7

any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

40. Due to the defendants' violation of the NYLL § 195(1), the plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

41. The defendants failed to furnish to the plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

42. Due to the defendants' violation of the NYLL § 195(3), the plaintiff is entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.      to declare that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

8

b.     to declare that defendants' violations of the FLSA and NYLL were willful;

c.     to award plaintiff damages for unpaid minimum and overtime wages;

d.     to award plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL; to award plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

e.     to award liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

f.     to award plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

g.     to award plaintiff reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

h.     to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff

demands a trial by jury in this action.

Dated: New York, New York
    July 24, 2012

BERKE-WEISS & PECHMAN LLP

By:

    Louis Pechman
    Jessica N. Tischler
    488 Madison Avenue - 11th Floor
    New York, New York 10022
    (212) 583-9500
    *Attorneys for Plaintiff*